153



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Honorable Marion McGee
County Auditor
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. 0-6237
Re: Under the given facts did
the actions of the San
Marcos Independent School
District Trustees, the Hays
County Westover Common School
District Trustees, and the
Hays County School Trustees,
effect a legal annexation of
the Westover C. S. D. No. 3
to the San Marcos I. S. D.
No. 0? And related matters.

Your request for an opinion on the above matter has
been received and carefully considered, said request being as
follows:

"Did the actions of San Marcos Independent
School District trustees, the Hays County Westover
Common School District trustees, and the Hays County
School trustees (copies of their proceedings enclosed)
effect a legal annexation of the Westover C. S. D. No.
3 to the San Marcos I. S. D. No. 0?

"The Hays County Commissioners' Court on August
17, 1944, certified to the Hays County Tax Collector
a .50¢ voted school tax for the Westover C. S. D. No.
3 for 1944. May the County Tax Collector, in view of
the annexation proceedings, legally collect this school
tax, and if so, to whom shall it be paid?

Honorable Marion McGee, Page 2

"It appears that the San Marcos I. S. D. is
part of the City of San Marcos and is operated by
the City under the General law, and the schools
are an I. S. D. within a city.

"The citizens of San Marcos have no voted
school tax, but the city schools are granted .70¢
of the $2.50 city tax levy by the City Commission."

The additional facts submitted by you as a basis for said re-
quest are as follows:

The Board of Trustees of the Westover Common School
District No. 3 of Hays County, Texas duly passed a resolution
that the County Board of School Trustees be requested to annex
said Westover Common School District to the San Marcos Independ-
ent School District for school purposes only; the Trustees of
the San Marcos Independent School District of Hays County, Texas
duly passed a resolution conveying to the County School Trustees
of Hays County, Texas, its willingness to accept the Westover
Common School District No. 3 as a part of San Marcos Independent
School District if said County Board found it advisable and nec-
essary to annex said Westover Common School District to said San
Marcos Independent School District; the County School Trustees
of Hays County, Texas, in considering whether or not the West-
over Common School District No. 3 should be annexed to San Marcos
Independent School District under the provisions of Article 2922a
of the Revised Civil Statutes as amended, found that the Boards
of Trustees of said Districts had, by a unanimous vote, approved
said annexation, and said County Trustees, after having deter-
mined that the Westover Common School District and the San Marcos
Independent School District were each validly formed and were
legally existing school districts, were contiguous to one an-
other and could be included in a common boundary line, and that
the proposed school district will contain neither an area in ex-
cess of one hundred square miles nor more than seven elementary
school districts, that the Westover Common School District No.
3 has less than 400 scholastic population, that the San Marcos
Independent School District has a scholastic population of 250
or more, and that such annexation would best serve the interests
of both the scholastics of such school districts and the County
as a whole, ordered that the Westover Common School District No.
3 be annexed to the San Marcos Independent School District under

the provisions of Article 2922a, Revised Civil Statutes as amended, and that the name of said district shall be San Marcos Independent School District.

Article 2922a, Vernon's Annotated Civil Statutes of Texas, under which said action was taken by said school districts and the County Trustees of Hays County, reads in part as follows:

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having two hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law . . . ."

In our opinion, the action of said school trustees of said school districts and said County School Trustees did not effect a legal annexation of the Westover Common School District to the San Marcos Independent School District, for the reason that said Article 2922a, as well as the other provisions of Chapter Nineteen A of Vernon's Annotated Civil Statutes

of Texas, clearly shows that the purpose of said law was to provide for "rural" high schools, and there is nothing in said law to show that it was intended to be used to annex a common school district to an independent school district controlled by a city or town. The word "rural" is defined in Webster's New International Dictionary, unabridged, as follows:

"Of or pertaining to the county, as distinguished from a city or town,"

That said law was intended to apply only to "rural" schools is shown by the emergency clause thereof as it was originally passed, Chapter 59, Pages 204-9, Laws of the Regular Session of the 39th Legislature, 1925, which reads as follows:

"The fact that our rural school and rural high school system is wholly inadequate creates an emergency and an imperative public necessity, demanding the suspension of the constitutional rule requiring the reading of bills on three several days in each House, and that this Act shall take effect from and after its passage, and said rule is hereby suspended and it is so enacted."

This conclusion is further supported by the law governing independent school districts the control of which has been assumed by a city or town, Article 2768, Vernon's Annotated Civil Statutes, which reads as follows:

"Any city or town in this State may acquire the exclusive control of the public free schools within its limits. Any city or town which has heretofore, under the Act of March 15, 1875, or any subsequent law, assumed control of the public free schools within its limits, and has continued to exercise the same until the present time, or any city or town which may hereafter determine so to do by majority vote of the property tax payers of said city or town voting at an election held for that purpose, may have exclusive control of the public free schools within its limits."

A specific method of annexing the territory of a common school district to an independent school district where a city or town had assumed control thereof, is also provided by our statutes, Article 2803 thereof reading as follows:

Honorable Marlon McGee, Page 5

"Any city or town that has taken charge of the public free schools within its limits, or that shall hereafter take charge of the same, may, by ordinance, extend its corporation lines for school purposes only, on a petition signed by a majority of the resident qualified voters of the territory, which is to be taken into said city or town for school purposes only, and recommended by a majority vote of the trustees of the public free schools of said city or town; provided, that the proposed change shall not deprive the scholastic children of the remaining part of the common school district or districts which may be affected by the proposed change, of the opportunity of attendance upon school. The added territory shall bear its pro rata part according to taxable values of any school debt or debts that may be owed or contracted by said city or town to which it shall have been added, and shall not bear any part of any other debt that may bo owed or contracted by such town or city. The property of the added territory shall bear its pro rata part of all school taxes, but of no other taxes. The added territory shall not affect the city's debts or business relations in any manner whatever, except for school purposes as provided above. The officers whose duty it is to assess and collect school taxes within the city limits shall also assess and collect school taxes within the territory added for school purposes as herein provided."

It is our opinion, therefore, that the action of said school districts and county school trustees did not effect a legal annexation of the Westover Common School District No. 3 to the San Marcos Independent School District.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:fo